**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30138 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00026-RSL-6 |
| v. | |
| MERHAWI HAGOS HAILE, also known as Jimmy; et al., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted June 4, 2013[**]
Seattle, Washington

Before: McKEOWN and IKUTA, Circuit Judges, and CARNEY, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Merhawi Hagos Haile appeals the district court's revocation of his supervised release. He admitted to five violations of the conditions of his release, and the district court found that he had committed an additional four violations relating to cocaine distribution, threats, arson, and associating with persons engaged in criminal activity and/or known felons. Haile contends that he received insufficient notice of the "making threats" and "arson" crimes leading to the revocation, that there was insufficient evidence he committed those crimes, and that a condition of his supervised release is vague and overbroad. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review due process claims raised for the first time on appeal and conditions of supervised release not challenged in the district court for plain error. *United States v. Williams*, 547 F.3d 1187, 1202 n.13 (9th Cir. 2008) (due process); *United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) (conditions of release). Plain error is "(1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.' " *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (internal quotation marks and citations omitted).

2

On a challenge to the sufficiency of evidence supporting a supervised release revocation, "we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted); *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007); *see also* 18 U.S.C. § 3583(e)(3).

Haile argues that he was denied due process because the violation petition did not identify the statutory provisions correlating to the crimes of "making threats, by aiding and abetting" and "arson, by aiding and abetting" underlying the allegations that he violated the terms of his supervised release by committing federal, state, or local crimes. A defendant facing revocation of supervised release is entitled to effective written notice of the violations with which he is charged. *United States v. Havier*, 155 F.3d 1090, 1093 (9th Cir. 1998). "Thus, when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of probation being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating." *Id.*

Haile has not established that the omission of statutory citations from the violation petition was a plain error affecting his substantial rights that seriously

affected the fairness, integrity, or public reputation of the revocation proceedings. The violation petition contained a general description of the crimes at issue, and an accompanying report set forth the relevant factual basis. Haile also received actual notice of the applicable statutes through a police report provided to him during discovery. Under a heading entitled "Offenses," the report lists two crimes: "ARSON 1ST DEGREE [ARSON-RESIDENCE-ENDANGERED LIFE]" corresponding to Revised Code of Washington section "9A.48.020[2002]," and "HARASSMENT NO PREV CONV," corresponding to section "9A.46.020(2)." Haile "could hardly have been puzzled about what he had to defend against" in light of this information. *United States v. Sesma-Hernandez*, 219 F.3d 859, 860 (9th Cir. 2000) *aff'd en banc*, 253 F.3d 403 (9th Cir. 2001). Even if there was any ambiguity about the charges against Haile, he was not prejudiced because the specific statutes and their elements were irrelevant to his defense, which was based solely on mistaken identity.

There also was sufficient evidence to establish that Haile committed the crimes of making threats and arson by aiding and abetting. The government presented evidence that Haile engaged in cocaine distribution and became involved in a dispute with a customer over a drug debt. Haile and an associate made menacing statements to the customer after he refused to pay, and the customer's

4

motorhome was set ablaze hours later as he slept inside. Video footage and cellular telephone records place a car resembling Haile's and a phone used by Haile in close proximity to the motorhome within minutes of the time the arson was reported. Viewing the evidence in the light most favorable to the government, the district court could have found by a preponderance of the evidence that Haile violated Washington state law by aiding and abetting the commission of harassment and first degree arson. *See* RCW §§ 9A.08.020, 9A.46.020, 9A.48.020.

The condition of Haile's new term of supervised release that he not "frequent places where controlled substances are illegally sold, used, distributed, or administered" is not impermissibly vague or overbroad. We recently rejected this contention in *United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012), and held that a district court did not commit plain error in imposing this standard condition. Haile agrees that *Phillips* is dispositive.

**AFFIRMED.**